Nicholson, C. J.,
delivered the opinion of the court.
Bill to settle partnership account. ' After an order to take and state the account between the partners, the Master reported to the December Term, 1867, the result of his account. To this account defendant excepted, and stated various items to which he objected because there was no proof to support them. After the exceptions were filed, the Master was allowed to append to his report a statement as to the manner in which he took the account. He states that he proceeded mainly upon the admissions of the parties, who were both present, and by resort to a book which he considered as filed, showing the condition of the part *612 nership business, and which he understood both parties to regard as the book of the partnership. Thereupon, the Chancellor overruled all of defendant’s exceptions except one, which he sustained, and one which he reserved, confirming the report except as to these items; and thereupon he ordered the Master to recapitulate the account for the purpose of striking the balance and ascertaining the result. The Master made his report to the June Term, 1868, showing the balance due from defendant to complainant to be about $1,200. No exceptions were filed to this report, but the same was confirmed.
At the same Term (June, 1868,) defendant tendered his bill of exceptions, after moving to set aside the decree of confirmation upon his own affidavit and that of others. In his affidavit, defendant contradicts the statement appended to the Master’s report, and denies that he treated the book alluded to therein ■ as a partnership book or recognized it as evidence, but that he repeatedly objected to it. The other affidavits, or ex parte depositions, sustain him as to the fact that he objected to the books while the account was being' taken/. The Chancellor overruled the motion to set aside the decree and recommit the report, and declined to hear the affidavits or depositions read: 1. Because they were taken without notice. 2. They were taken without authority. 3. The application to set aside the decree is not made in the manner authorized by the rule of a Court of Chancery.
To this action of the Chancellor the defendant excepted.
*613 The only question presented is, whether the Chancellor erred in not hearing the depositions and setting aside the decree. No doubt can exist as to the power of a Chancellor to control his own decrees during the term at which they are made, but he must exercise this power according to - the rules of the court. A petition for rehearing was the proper proceeding to procure the reversal of the decree, and we can not see that the Chancellor was in error in declining to sanction the irregular practice of resorting to ex parte affidavits to sustain a motion to set aside a decree. But, upon examining the depositions, we do not think they furnished sufficient grounds for setting aside the decree. The defendant does not deny that the book used by the Master was in fact a partnership boob, but he denies that he agreed to treat it as such and as showing a true state of the partnership accounts. This may be true, and yet if it was the book of the partnership, the Master had a right to regard the entries in it as at least prima faeie evidence as to the state of the accounts. Defendant does not undertake to show the particulars in which the books were incorrect, nor does he state that upon recommitting the report he would falsify the entries in the book.
We are therefore of opinion that there was no error in the action of the Chancellor, and we affirm his decree with costs.